IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM WINDOM, Inmate #B-80356, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-786-GPM |
| | ) |
| CITY OF CAHOKIA POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered. It is now before the Court for initial screening under 28 U.S.C. § 1915A.

Plaintiff states that on April 27, 2002, he was in the home of Felicia Graham in Cahokia, Illinois. While looking out of the window, he saw police outside. Because he was a fugitive from the St. Clair County Sheriff's Department, he hid in a closet. The police entered the house with police dogs. One of the dogs alerted on the closet where Plaintiff was hiding. As Defendant Bailey opened the closet door, the dog began attacking Plaintiff. Plaintiff asserts that Defendants Bailey and Heine allowed the attack for several minutes, repeatedly yelling "attack" at the dog. Plaintiff states that he begged the officers to call the dog off of him, but they did not. After several minutes, Defendants Bailey, Heine, and Ortega, guns drawn, ordered Plaintiff to lie flat on the floor, called

off the dog, and handcuffed Plaintiff. Officers called for an ambulance, and Plaintiff was taken to a hospital, where his wounds were treated. Plaintiff states that he suffered a serious injury to his ear from the dog attack, which eventually led to a hearing impairment.

Claims of excessive force during an arrest are analyzed under the Fourth Amendment's "reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386 (1989). In determining the reasonableness of the force used, a Court will consider the facts and circumstances of the case, the severity of the crime at issue, the threat posed by the suspect to the safety of the officers or others, and whether the suspect was attempting to resist or evade arrest. The objective reasonableness of the officers' response will be based upon the information the officers had at the time of the arrest. *See Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004). Based on these standards, Plaintiff's claims of excessive force during his arrest cannot be dismissed at this time.

The Court notes, however, that named Defendant, the Cahokia Police Department, is not amenable to suit. The Eleventh Amendment to the Constitution bars individuals from bringing suit in federal court directly against a state or its agencies. *See Brunken v. Lance*, 807 F.2d 1325, 1329 (7th Cir. 1986). Further, states and their agencies are not "persons" susceptible to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). This includes city police departments. *U.S. ex rel Lee v. People of State of Ill.*, 343 F.2d 120, 120 (7th Cir. 1965); *see also Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Henschel v. Worcester Police Dept., Worcester, Mass.*, 445 F.2d 624 (1st Cir. 1971); *Reese v. Chicago Police Dept.*, 602 F. Supp. 441 (N.D. Ill. 1984). Accordingly, the Cahokia Police Department is **DISMISSED** from this action.

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants

**Bailey, Ortega, and Heine**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint and this Memorandum and Order to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Bailey, Ortega, and Heine** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Cahokia Police Department who no longer can be found at the work address provided by Plaintiff, the Department shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the Department pursuant to such order shall not be maintained in the Court file nor be disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to do so will result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:  06/10/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
